IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| WOOD M. DEMING, M.D. and REGIONAL CARDIOLOGY CONSULTANTS, P.C., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| VS. | ) ) | No. 05-1032-T/An |
| JACKSON-MADISON COUNTY GENERAL HOSPITAL DISTRICT, ET AL., | ) ) ) ) | |
| Defendants. | ) | |

ORDER DENYING DEFENDANTS' MOTION TO STRIKE

On April 22, 2005, the defendants filed a motion to strike certain portions of the plaintiffs' complaint, pursuant to Fed. R. Civ. P. 12(f), which provides:

> Upon motion made by a party . . . or upon the court's own initiative . . . , the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

The purpose of a motion to strike under Rule 12(f) is to avoid expending the resources of the parties and the Court on litigating spurious issues. <u>Kennedy v. City of Cleveland</u>, 797 F.2d 297, 305 (6th Cir. 1986). However, it is "a drastic remedy to be resorted to only when required for the purposes of justice." <u>Brown & Williamson Tobacco Corp. v. United States</u>, 201 F.2d 819, 822 (6th Cir. 1953). This is "[p]artly because of the practical

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 5/10/05

32

difficulty of deciding cases without a factual record." Id. Therefore, such motions are disfavored and should be granted only "when the pleading to be stricken has no possible relation to the controversy." Id.; see also 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1382.

The defendants list thirty-two paragraphs, or portions thereof, which they contend "consist mainly of puffing and bragging by plaintiff." (Mot. to Strike at 2.) Defendants then state, "[t]hese allegations have no relevance to the issues in this matter and therefore should be stricken." Id. That is the sole "analysis" by the defendants. There is no citation of authority or explanation of precisely why the allegations in the specified paragraphs are irrelevant to the issues in this case.

While the complaint is extremely detailed, perhaps overly so, without a factual record the Court cannot say that the portions challenged by the defendants have no possible relation to the controversy in this case. Accordingly, the motion to strike is DENIED.

IT IS SO ORDERED.

_James D. Todd_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_9 May 2005_
DATE

2

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 32 in case 1:05-CV-01032 was distributed by fax, mail, or direct printing on May 10, 2005 to the parties listed.

---

Milton Dale Conder
RAINEY KIZER REVIERE & BELL
105 S. Highland Ave.
P.O. Box 1147
Jackson, TN 38302--114

Anthony Charles Pietrangelo
PIETRANGELO COOK
6410 Poplar
Ste. 190
Memphis, TN 38119

Patrick Wayne Rogers
RAINEY KIZER REVIERE & BELL
105 S. Highland Ave.
P.O. Box 1147
Jackson, TN 38302--114

Jerry D. Kizer
RAINEY KIZER REVIERE & BELL
105 S. Highland Avenue
Jackson, TN 38302--114

Honorable James Todd
US DISTRICT COURT