IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| WOOD M. DEMING, M.D., REGIONAL CARDIOLOGY CONSULTANTS, P.C., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO.   1-05-1032-T |
| JACKSON-MADISON COUNTY GENERAL HOSPITAL DISTRICT, et al., | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING PLAINTIFFS' MOTION TO POSTPONE RULING ON DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT AND TO ALLOW PLAINTIFFS TO CONDUCT DISCOVERY

Before the Court is Plaintiffs' Motion to Postpone Ruling on Defendants' Motion to Dismiss and/or for Summary Judgment and to Allow Plaintiffs to Conduct Discovery filed on July 22, 2005. For the reasons set forth below, the Motion is **GRANTED**.

### BACKGROUND

On February 5, 2005, Plaintiffs filed a sixty-seven (67) page Complaint alleging twelve (12) separate causes of action against Defendants, including claims for violations of 42 U.S.C. § 1983, violations of federal and state anti-trust laws, defamation, conspiracy, business disparagement, interference with contract and breach of contract in violation of Tennessee's Consumer Protection Act. In response, Defendants filed a Motion to Dismiss and/or for

Summary Judgment.[1] Contemporaneously therewith, Defendants filed a Memorandum of Law in support of their Motion to Dismiss and/or for Summary Judgment consisting of seventy-five (75) pages, with several hundreds of pages of exhibits and three (3) affidavits attached thereto. Additionally, Defendants filed a Statement of Undisputed Material Facts which contains seventy (70) paragraphs of allegedly undisputed material facts.

At this time, no discovery has been conducted by the parties and Plaintiffs contend that discovery is needed before they can effectively respond to Defendants' Motion. Furthermore, Plaintiffs maintain that "fundamental fairness" dictates that they be allowed to engage in discovery based upon the Sixth Circuit Court of Appeals' decision in *White Landing Fisheries, Inc. v. Buchholzer*. *White Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229 (6th Cir. 1994). Specifically, Plaintiffs aver that granting a summary judgment motion when the non-moving party has not been afforded the opportunity to conduct discovery offends the concept of fundamental fairness.

Defendants argue that discovery should not be allowed because their Motion is based upon purely legal grounds and because this Court granted a dismissal in a previous case that was almost factually identical to the case at hand.[2] Specifically, Defendants state that they rely upon multiple immunity defenses in their Motion to Dismiss and/or for Summary Judgment and that the Supreme Court has recognized that discovery should generally be stayed until potentially

---

[1] This Motion will be treated as a Motion for Summary Judgment under Fed. R. Civ. P. 12(c) because Defendants have presented matters outside of the pleadings for consideration by the Court. *See Sutton v. U.S. Small Bus. Admin.*, 92 Fed. Appx. 112 (6th Cir. 2003) (stating that a district court properly treated a dispositive motion as one for summary judgment under Fed. R. Civ. P. 12(c) because the parties presented matters outside of the pleadings).

[2] *Spencer v. Jackson-Madison County General Hospital District*, et al., No 97-1165 (W.D. Tenn., August 24, 1999)

dispositive issues such as immunity are decided. *Harlow v. Fitzgerald*, 497 U.S. 800 (1984).

## ANALYSIS

In their Memorandum of Law, Defendants rely upon two cases, *Ball v. Union Carbide Corp.* and *Reyes v. Wilson Memorial Hospital*. *Ball v. Union Carbide Corp.*, 385 F.3d 713 (6th Cir. 2004); *Reyes v. Wilson Memorial Hospital*, 102 F. Supp. 2d 798 (S.D. Ohio, 1998). These two cases, however, are distinguishable from the case at hand. In *Ball*, the plaintiffs were seeking additional discovery, unlike Plaintiffs in this case who have been unable to conduct any discovery. *Ball*, 385 F.3d 713. Likewise, in *Reyes*, the plaintiffs' Motion for Additional Discovery was filed over four (4) years after the complaint had been filed and the court denied the discovery request, in part, because it was untimely. *Reyes*, 102 F. Supp. 2d 798.

Courts should apply Rule 56(f) Motions liberally. *See id.* at 825. It is also well established that a "plaintiff must receive "a full opportunity to conduct discovery" to be able to successfully defeat a motion for summary judgment." *Ball*, 385 F.3d at 719 (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)). *See also White Landing Fisheries, Inc.*, 29 F.3d 229.

Plaintiff has set forth at least some of the specific areas into which it needs to conduct inquiry, such as whether the action taken by Defendants complied with the requirements of the Health Care Quality Improvement Act. 42 U.S.C. § 11111. (*See* Pls.'s Counsel's Aff. ¶ 7)

Based upon the volume of support and documentation attached to Defendants' Motion to Dismiss and/or for Summary Judgment, fundamental fairness requires that Plaintiff be allowed to conduct at least some discovery before it is required to respond to Defendants' Motion. As such, Plaintiffs' Motion is **GRANTED**.

The Court will schedule a Rule 16(b) Scheduling Conference to discuss and develop a

Scheduling Order which will govern the deadlines for completing discovery as well as the amount and type of discovery that will be permitted before Plaintiff is required to respond to Defendants' Motion.

**IT IS SO ORDERED.**

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: August 30, 2005

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 61 in case 1:05-CV-01032 was distributed by fax, mail, or direct printing on August 31, 2005 to the parties listed.

---

Patrick Wayne Rogers
RAINEY KIZER REVIERE & BELL
105 S. Highland Ave.
P.O. Box 1147
Jackson, TN 38302--114

Jerry D. Kizer
RAINEY KIZER REVIERE & BELL
105 S. Highland Avenue
Jackson, TN 38302--114

Milton Dale Conder
RAINEY KIZER REVIERE & BELL
105 S. Highland Ave.
P.O. Box 1147
Jackson, TN 38302--114

Anthony Charles Pietrangelo
PIETRANGELO COOK
6410 Poplar
Ste. 190
Memphis, TN 38119

Honorable James Todd
US DISTRICT COURT