IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| WOOD M. DEMING, M.D.; REGIONAL CARDIOLOGY CONSULTANTS, P.C., | ) ) ) | |
| Plaintiffs, | ) ) | |
| VS. | ) ) | No. 05-1032-T/An |
| JACKSON-MADISON COUNTY GENERAL HOSPITAL DISTRICT, ET AL., | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER OVERRULING DEFENDANTS' OBJECTIONS
TO MAGISTRATE JUDGE'S AUGUST 31, 2005 ORDERS

On February 5, 2005, plaintiffs filed a voluminous complaint alleging twelve separate causes of action against the defendants. On July 5, 2005, the defendants filed a motion seeking to postpone entry of a scheduling order and stay all discovery. The defendants then filed a motion for summary judgment on July 13, 2005 that is even more voluminous than the complaint. Plaintiffs responded with a motion under Fed. R. Civ. P. 56(f) to be allowed to conduct discovery before responding to the motion for summary judgment. The motion to stay discovery and the Rule 56(f) motion were referred to Magistrate Judge Anderson for disposition. On August 31, 2005, Magistrate Judge Anderson entered orders granting the plaintiffs' Rule 56(f) motion and denying defendants' motion to stay discovery. Defendants filed objections on September 9, 2005. Pursuant to 28 U.S.C. § 636(b)(1)(A) and Local

This document entered on the docket sheet In compliance
with Rule 58 and/or 79 (a) FRCP on  9/29/05



Rule 72.1(g)(1), the Court may reconsider the Magistrate Judge's ruling if it was clearly erroneous or contrary to law.

The defendants argue that their motion for summary judgment raises issues of immunity which are purely a question of law; therefore, they contend that the plaintiffs do not need discovery to respond to those issues. Yet, the defendants have submitted a statement of seventy "undisputed" material facts that are supported by extensive materials outside the pleadings. Allowing the defendants to rely upon such materials without giving plaintiffs the opportunity to conduct any discovery whatsoever prior to being required to respond is simply unacceptable. While the assertion of immunity defenses may warrant delaying discovery in some circumstances, this is not an appropriate case for such delay.

The defendants' assertion that the plaintiffs have not adequately complied with Rule 56(f) is also meritless. While counsel's affidavit is not extensive, it is sufficiently detailed to allow the Court to make an informed ruling on the motion.

The Court finds that Magistrate Judge Anderson's ruling is not clearly erroneous or contrary to law. Therefore, the defendants' objections to the August 31, 2005 orders are OVERRULED. A scheduling conference will be set.

IT IS SO ORDERED.

*/s/ James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

26 September 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 65 in case 1:05-CV-01032 was distributed by fax, mail, or direct printing on September 29, 2005 to the parties listed.

---

Anthony Charles Pietrangelo
PIETRANGELO COOK
6410 Poplar
Ste. 190
Memphis, TN 38119

Milton Dale Conder
RAINEY KIZER REVIERE & BELL
105 S. Highland Ave.
P.O. Box 1147
Jackson, TN 38302--114

Patrick Wayne Rogers
RAINEY KIZER REVIERE & BELL
105 S. Highland Ave.
P.O. Box 1147
Jackson, TN 38302--114

Jerry D. Kizer
RAINEY KIZER REVIERE & BELL
105 S. Highland Avenue
Jackson, TN 38302--114

Honorable James Todd
US DISTRICT COURT